# UNITED STATES DISTRICT COURT
District of NEVADA

UNITED STATES OF AMERICA
**v.**
SHAWN RICE

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:10-CR-0520-JCM-GWF
USM Number: 43739-048
SHAWN RICE - PRO SE
Defendant's Attorney

**Date of Original Judgment:** 3/20/2013
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s) which was accepted by the court.
☒ was found guilty on count(s) 1,2,3,4 of the indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §3146(a)(1) | Failure to Appear | 6/16/2010 | 1,2,3,4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/20/2013
Date of Imposition of Judgment

*/s/ James C. Mahan*
Signature of Judge

James C. Mahan,    U.S. District Judge
Name of Judge    Title of Judge

November 19, 2013
Date

DEFENDANT: SHAWN RICE
CASE NUMBER: 2:10-CR-0520-JCM-GWF

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

(5) months per counts 1,2,3,4 to run consecutively for a total of (20) months.
(78) months per count to run concurrently in 2:09-cr-0078-JCM
For a total of (98) months both cases.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 12:00 p.m. _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case  
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: SHAWN RICE  
CASE NUMBER: 2:10-CR-0520-JCM-GWF

Judgment—Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

(3) years per count to run concurrently

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT: SHAWN RICE
CASE NUMBER: 2:10-CR-0520-JCM-GWF

# SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. Warrant less Search - To ensure compliance with all conditions of release, the defendant shall submit to the search of his/her person, and any property, residence, business or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, the defendant shall be required to submit to any search only if the probation officer has reasonable suspicion to believe the defendant has violated a condition or conditions of release.

3. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. Pay restitution amount during term of supervision pursuant to 18 U.S.C.§3556

6. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

Note: A written statement of the conditions of release was provided to the Defendant by the Probation Officer in open court at the time of sentencing.

## ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
Defendant                                                            Date


_____     _____
U.S. Probation/Designated Witness                          Date

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
 Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 7

DEFENDANT: SHAWN RICE
CASE NUMBER: 2:10-CR-0520-JCM-GWF

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** * | $ 400.00 | $ 0.00 | * $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ | | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

 ☐ the interest requirement is waived for ☐ fine ☐ restitution.

 ☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case  
          Sheet 6 — Schedule of Payments                                                  (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: SHAWN RICE  
CASE NUMBER: 2:10-CR-0520-JCM-GWF  
Judgment — Page 6 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** * ☑ Lump sum payment of $ 400.00 due immediately, balance due

        ☐ not later than _____ , or  
        ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:  
     "FINAL ORDER OF FORFEITURE ATTACHED"

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

✓ FILED  ___ RECEIVED
___ ENTERED  ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 2 0 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:10-cr-0520-JCM-GWF<br>) |
| SHAWN RICE, | )<br>) |
| Defendant. | ) |

### FINAL ORDER OF FORFEITURE

On August 3, 2012, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(1) and (b)(2); and Title 21, United States Code, Section 853(p) based upon the judicial verdict finding defendant SHAWN RICE guilty of criminal offenses, forfeiting specific property alleged in the Criminal Indictment and the Bill of Particulars and shown by the United States to have the requisite nexus to the offenses to which defendant SHAWN RICE was found guilty. Criminal Indictment, ECF No. 1; Bill of Particulars, ECF No. 64; Minutes of Bench Trial Proceedings, ECF No. 285; Preliminary Order of Forfeiture, ECF No. 286.

This Court finds the United States of America published the notice of the forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from August 8, 2012, through September 6, 2012, notifying all known third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 300.

On May 27, 2011, Charles and Victoria Tingler filed a Petition of Interest as to Cashier's Check #566734 of $30,000.00 deposited into Wells Fargo Bank account number 6783965202. Petition of Interest, ECF No. 194.

On October 27, 2011, the United States filed a Motion to Dismiss the Third Party Petition of Charles and Victoria Tingler. Motion to Dismiss the Third Party Petition of Charles and Victoria Tingler, ECF No. 203.

On December 30, 2011, the United Stated submitted a Proposed Order Granting the Plaintiff's Motion to Dismiss the Third Party Petition of Charles and Victoria Tingler. Proposed Order Granting Motion to Dismiss the Tingler's Third-Party Claim, ECF No. 217.

On January 6, 2012, the Court entered an Order Granting the Motion to Dismiss the Third-Party Petition of Charles and Victoria Tingler. Order Granting Motion to Dismiss Third-Party Petition of Charles and Victoria Tingler, ECF No. 219.

This Court finds no other petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the assets named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(1) and (b)(2); and Title 21, United States Code, Section 853(n)(7) and (p) and shall be disposed of according to law:

. . .

. . .

. . .

an *in personam* criminal forfeiture money judgment of $1,290,000.00 including:

a. $1,373.35 in United States Currency seized from Wells Fargo Bank Account 250-2159375 in the name of Specialty Management, Inc., 530 Las Vegas Boulevard South, Las Vegas, NV 89101; and

b. $1,224.15 in United States Currency seized from J.P. Morgan Chase Bank, Account 634094312 in the name of SIMPE, LTA, 31 Butterfield Road, Chino Valley, AZ 86323.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this 20th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE

3